IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE CONWELL, #Y12902, <br><br>　　Plaintiff, <br><br>vs. <br><br>MICHAEL P. DUNNING, and ALFONSO DAVID, <br><br>　　Defendants. | Case No. 18−cv–1074−MJR |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This case was severed on May 7, 2018, from *Conwell v. Marvin, et al.*, Case No. 18-cv-131-DRH-SCW (S.D. Ill.). (Doc. 1). It contains the claims designated as Counts 7 through 9 in the original case, described as follows:

> **Count 7 –** Dunning used excessive force against Plaintiff on August 17, 2017 in violation of the Eighth Amendment.
>
> **Count 8 –** Dunning committed an assault and/or battery against Plaintiff on August 17, 2017 in violation of Illinois state law.
>
> **Count 9 –** David[1] was deliberately indifferent to Plaintiff's increased back pain after the August 17, 2017 excessive force incident in violation of the Eighth Amendment.

Plaintiff's claims, which pertain to his incarceration at Shawnee Correctional Center ("Shawnee") are now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-

---

[1] Plaintiff attempted to bring this claim against Wexford as well. However, Wexford was dismissed without prejudice from the action prior to severance. (Doc. 1).

1

meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff's factual allegations relating to Counts 7 through 9 are summarized below.

On August 17, 2017, Orange Crush conducted a shakedown of Plaintiff's housing unit. (Doc. 2, p. 18). Dunning shook down Plaintiff's cell. *Id*. Plaintiff complied with all of his orders. (Doc. 2, pp. 18-19). As Plaintiff exited the cell, Dunning pushed his head down in a violent manner. (Doc. 2, p. 19). Plaintiff told Dunning that he had "decentagrading" disc disease, but Dunning didn't listen and threw Plaintiff into the wall outside of Plaintiff's cell. *Id.* Dunning then pushed Plaintiff's head down again as he was walking. *Id.* Plaintiff told Dunning not to put his hands on him. *Id.* Dunning pushed Plaintiff's head down again. (Doc. 2, p. 20). Plaintiff told Dunning to "relax, it's not that serious." *Id.* Dunning then pulled Plaintiff out of line, and slammed him into the concrete. *Id.* Plaintiff again tried to tell Dunning about his back condition, but Dunning began punching him in the head. *Id.* Dunning continued to assault Plaintiff while escorting him to segregation. *Id.* Dunning wrote Plaintiff a false disciplinary report. (Doc. 1, p. 22).

Plaintiff wrote multiple grievances and letters to David, a physician, requesting medical care for his injuries after the August 17th incident, but David never responded. (Doc. 2, p. 23). The assault aggravated Plaintiff's back condition, but David never renewed Plaintiff's pain medication. *Id.* Plaintiff apparently saw David at some point after he was released from segregation. (Doc. 2, p. 24). Plaintiff requested an MRI and referral to a specialist. *Id.* David denied the request, lowered Plaintiff's existing pain medication dosage, and prescribed naproxen. (Doc. 2, p. 25).

## Count 7

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.' " *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Plaintiff claims that, despite cooperating with Dunning's orders and informing Dunning about his back condition, Dunning shoved Plaintiff's head violently, threw him into a wall, slammed him onto concrete and punched him in the head. This is sufficient, at screening, to state a viable Eighth Amendment claim as to Dunning. Accordingly, Count 7 shall receive further review.

## Count 8

Under Illinois state law, battery is defined as the unauthorized touching of another's person. *Welton v. Ambrose*, 814 N.E. 962 (Ill. App. Ct. 2001).[2] Plaintiff has stated a claim for battery under Illinois state law against Dunning. Plaintiff's battery claim is based on the conduct underlying his Eighth Amendment excessive force claim in Count 7 (described above). Although Plaintiff has pled two distinct legal theories, they are based on the same set of facts and Plaintiff is advised that he will only be permitted one recovery under the law for the same harm. *Indiana Harbor Belt R. Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir. 1988).

---

[2] Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).

### Count 9

To state an Eighth Amendment deliberate indifference claim, an inmate must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

For screening purposes, the aggravation of Plaintiff's preexisting back injury and associated pain constitute an objectively serious medical need. The Complaint also suggests that David may have responded with deliberate indifference to Plaintiff's condition. According to the Complaint, Plaintiff repeatedly sought treatment from David (both in person and via correspondence), but David failed to respond and/or failed to treat Plaintiff's pain. These allegations warrant further review. *See* e.g., *Perez v. Fenoglio*, 792 F.3d 768, 776-779 (7th Cir. 2015). Accordingly, Count 9 shall receive further review as to David.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 7** and **8** will proceed as to **DUNNING**.

**IT IS FURTHER ORDERED** that **COUNT 9** will proceed as to **DAVID.**

**IT IS FURTHER ORDERED** that as to **COUNTS 7, 8,** and **9**, the Clerk of Court shall prepare for **DUNNING** and **DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the Defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the defendant to pay the full costs of formal service, to the

extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 13, 2018**

                                              s/ MICHAEL J. REAGAN
                                              **Chief Judge**
                                              **United States District Court**